UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KRISTEN VILLANO**
and **YO ANA BUCHANAN**,

    **Plaintiffs,**

v.                                                          Case No.:
                                                           Circuit Court Case No: 2023 CA 003614 NC

**WALGREEN CO.,**

    **Defendant.**
_____/

## NOTICE OF REMOVAL

Defendant, WALGREEN CO. (hereinafter "Defendant" or "Walgreens"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiffs, KRISTEN VILLANO and YO ANA BUCHANAN (hereinafter "Plaintiffs"), from the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, to this Court. Defendant submits the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

1. On March 31, 2023, Plaintiffs filed a Complaint and Demand for Jury Trial against Defendant in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida. The clerk of that court assigned Case Number 2023-CA-003614 NC to this action.

2. Plaintiffs served Defendant with a Summons and copy of the Complaint (Compl.) on April 12, 2023. (See Exhibit A).

3. Plaintiffs' Complaint purports to set forth one count against Defendant. Count I alleges violations of the Florida Private Sector Whistleblower Act ("FWA"), Fla. Stat. § 448.102 et seq. (Compl. ¶¶ 9-22). Specifically, Plaintiffs claim Defendant retaliated against them because they engaged in protected activity under the FWA. (Id. ¶¶ 9-22).

4. This Court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

5. The amount in controversy in this action exceeds $75,000.00. In the Complaint, Plaintiffs allege that "this is an action for damages in excess of Fifty Thousand Dollars ($50,000.00) . . . ." (Compl. ¶ 2). That assertion places no limitation on the amount of damages Plaintiffs seek, and the allegations regarding the relief sought in the Complaint clearly establish that the amount in controversy exceeds $75,000.00 as of the date of removal, which is the relevant period of time. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772 (11th Cir. 2010).

6. Plaintiffs allege that Defendant "has caused Plaintiffs to suffer damages, including without limitation, financial loss and emotional distress." (Compl. ¶ 21). Plaintiffs request that the Court reinstate them, and if reinstatement is not possible, to award them "front pay[,]" "compensation for back pay, benefits, and other remuneration[,]" "any other compensatory damages[,]" as well as their attorneys' fees

and costs. In determining the amount in controversy, all of the different categories of relief sought by Plaintiffs may be aggregated. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 585-86 (2005).

7. Plaintiffs' back pay claim alone establishes the requisite amount in controversy. Plaintiffs allege that they was constructively terminated on April 15, 2022. (Compl. ¶ 18). At the time of their termination, Plaintiff Villano's annual compensation was $53,000.04 and Plaintiff Buchanan's annual compensation was $46,800.00. (See Exhibit B, which is a true and correct copy of Plaintiffs' pay rate history during their employment with Defendant.) As back pay is generally awarded between the date of separation and trial, see Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000), even if trial were to be completed within eighteen months, Plaintiffs' claim for back pay establishes that there is at least $149,700.06 in controversy in this action. See Fusco v. Victoria's Secret Stores, LLC, Case No. 6:11-cv-989-ORL-22DAB, 2011 WL 3792412, *4 (M.D. Fla. 2011).

8. Plaintiffs' claim of front pay establishes that there is an additional $99,800.04 in controversy. See Brown v. Cunningham Lindsey U.S., Inc., Case No. 3:05-cv-141-J-32HTS, 2005 WL 1126670, *5 (M.D. Fla. 2005) (considering the value of one year of front pay in determining the amount in controversy).

9. Plaintiffs claim emotional distress. As a matter of law, garden variety emotional distress claims, where there is no evidence of physical or psychological injury, should not exceed the range of $5,000.00 to $30,000.00. See Ernie Haire Ford, Inc. v. Atkinson, 64 So. 3d 131, 132-33 (Fla. 2d DCA 2011). Thus, this request for

relief further supports the conclusion that the amount in controversy is satisfied in this case.

10. Plaintiffs' request for attorney's fees also must be considered in determining the amount in controversy, as the FWA provides that attorney's fees are available. See Fla. Stat. §§ 448.104, 760.11(5); see also Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003) (providing that attorney's fees can be considered in determining the amount in controversy when such award is provided by statute); Armstrong v. Charlotte County Bd. Of County Com'rs, 273 F. Supp. 2d 1312, 1314 (M.D. Fla. 2003); Hogan, 986 So. 2d at 649 (providing that attorney's fees may be awarded under the FCRA).

11. As a result of the foregoing, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and Defendant has satisfied the amount in controversy requirement in 28 U.S.C. § 1332(a)(1). See Kok v. Kadant Black Clawson, Inc., 274 F. App'x 856, 857 (11th Cir. 2008).[1]

12. This action also is between citizens of different states. According to the Complaint, Plaintiffs are citizens of Florida.[2] (Compl. ¶ 4, 5). While Plaintiffs claim that Defendant, Walgreen Co., was and remains a foreign profit corporation

---

[1] Where a plaintiff makes an unspecified demand for damages in state court, a removing defendant need only show by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

[2] Plaintiffs allege that they reside in Florida. (Compl. ¶¶ 4, 5). Proof of residence is *prima facie* evidence of domicile, which is, in turn, required to be a citizen of a particular state. Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1952). As a result, Plaintiffs' allegations establish, by a preponderance of the evidence, that they are citizens of the state of Florida.

transacting business in Sarasota County, Florida, and that venue is proper in Sarasota County, Florida (Compl. ¶ 6, 7), Defendant is an Illinois corporation with its principal place of business in Deerfield, Illinois. (Exhibit C). Therefore, Defendant is a citizen of Illinois, and there is diversity between the parties. See 28 U.S.C. § 1332(c)(1).

13. The foregoing establishes that this action is properly removable under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

14. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1441(a), and Local Rule 1.04, United States District Court, Middle District of Florida.

15. A complete copy of all pleadings filed in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, has been filed simultaneously with this Notice of Removal.

16. Defendant has provided written Notice of the Removal to Plaintiffs, and, contemporaneous with this Notice, Defendant is filing the Notice of Filing Notice of Removal in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida. A copy of the Notice of Filing Notice of Removal is attached as Exhibit D.

17. Defendant will respond to the Complaint in this Court accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it has been filed within 30 days after service of the Complaint.

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over this matter for all further proceedings.

Dated this 12th day of May, 2023.

                                              Respectfully submitted,

                                              *s/ Gregory A. Hearing*
                                              GREGORY A. HEARING
                                              Florida Bar No.: 817790
                                              gregory.hearing@gray-robinson.com
                                              BENJAMIN W. BARD
                                              Florida Bar No.: 95514
                                              benjamin.bard@gray-robinson.com
                                              GRAYROBINSON, P.A.
                                              401 E. Jackson Street, Suite 2700
                                              Post Office Box 3324 (33601-3324)
                                              Tampa, Florida, 33602
                                              Tel:  (813) 273-5000
                                              Fax:  (813) 273-5145
                                              Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served by electronic mail and U.S. Mail, to the following to the following:

    Bradley P. Rothman, Esq.
    Morgan B. Jones, Esq.
    Weldon & Rothman, PL
    2548 Northbrooke Plaza Drive
    Naples, Florida 34119

    ATTORNEYS FOR PLAINTIFFS

                                              *s/ Gregory A. Hearing*
                                              Attorney